Lloyd Ambinder
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARMANDO PEREZ and ISAHAC SERNA MARTINEZ, individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,<br><br>Plaintiffs,<br><br>-against-<br><br>GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,<br><br>Defendants. | CIVIL ACTION<br>FILE NO:<br><br>**ACTION UNDER**<br>**29 U.S.C. § 203 et seq.**<br><br>**COLLECTIVE ACTION**<br>**COMPLAINT** |

Plaintiffs ARMANDO PEREZ and ISAHAC SERNA MARTINEZ (the "Named Plaintiffs") individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER (collectively "Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, allege as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§ 34:11-56a4 *et seq.*, to recover unpaid overtime wages owed to the Named Plaintiffs and members of the putative class for work they performed for GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER (collectively the "Defendants").

2. Beginning in approximately October 2010 and continuing through the present, Defendants engaged in a policy and practice of requiring the Named Plaintiffs and members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3. Under the direction of Defendants' corporate directors, Defendants instituted this practice of depriving the Named Plaintiffs and other members of the putative class of compensation for work performed in excess of forty (40) hours per week, thereby depriving Plaintiffs of hourly compensation for all hours worked as mandated by federal and state law.

4. The Named Plaintiffs have initiated this action on behalf of themselves and members of the putative class, seeking unpaid overtime compensation, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where the Defendants reside.

## THE PARTIES

7. The Named Plaintiffs reside in the State of New Jersey and performed labor at Defendants' commercial greenhouse and nursery.

8. Upon information and belief, Defendant Garden State Growers, LLC ("Garden State Growers") is a corporation incorporated under the laws of the State of New Jersey, with its principal location at 99 Locust Grove Rd., NJ 08867.

9. Upon information and belief, Defendant Roy Den Hollander is an officer and shareholder of Garden State Growers, and is a resident of New Jersey.

10. Upon information and belief, beginning in or about September 2010, Defendants employed the Named Plaintiffs and other members of the putative class to perform a variety of commercial nursery-related tasks at Defendants' commercial greenhouse and nursery.

11. Upon information and belief, while working for the Defendants, the Named Plaintiffs and other members of the putative class were typically required to work more than forty (40) hours per week.

12. Upon information and belief, while working for the Defendants, the Named Plaintiffs and other members of the putative class did not receive overtime wages, at the rate of one and one half times the regular rate of pay, for all of the time in which they worked after the first forty (40) hours in any given week.

13. At all times relevant to this action, Defendant Roy Den Hollander was an officer, owner and/or shareholder of Defendant Garden State Growers, and dominated the day-to-day operating decisions and made major personnel decisions for Garden State Growers.

14. Upon information and belief, Defendant Roy Den Hollander was the principal executive and/or chief executive of Garden State Growers and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

15. Upon information and belief, Roy Den Hollander had complete control of the alleged activities of Defendant Garden State Growers.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

17. This action is brought by the Named Plaintiffs on behalf of themselves and a class consisting of similarly situated employees who performed work at Defendants' greenhouse other than office and executive personnel.

18. This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32 and N.J. Stat. § 34:11-56a4 *et seq.* ("Any workman shall be entitled to maintain for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated.")

19. This action is brought on behalf of the Named Plaintiffs and a putative class consisting of each and every other person who performed work at Defendants' greenhouse other than office and executive personnel.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of seventy (70) similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

22. The claims of the Named Plaintiffs are typical of the claims of the putative class.

23. The Named Plaintiffs and the putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

24. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

26. Upon information and belief, beginning in or about October 2010, the Defendants employed Named Plaintiffs and other members of the putative class to tend to the vegetation and perform a variety of commercial nursery-related tasks at Defendants' commercial greenhouse and nursery.

27. Upon information and belief, while working for the Defendants, the Named Plaintiff and the members of the putative class were regularly required to perform work for the Defendants without receiving overtime compensation as required by applicable federal and state law.

28. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Garden State Growers constitutes an "enterprise engaged in commerce."

29. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

30. Specifically, Plaintiff Armando Perez ("Perez") worked as an employee of the Defendants from approximately April 1997 until approximately August 2013. Plaintiff Perez performed a variety of commercial nursery-related tasks for the Defendants at Defendants' greenhouse and nursery.

31. During the spring, summer, and early autumn months, Plaintiff Perez typically worked in excess of ten (10) hours per day, six (6) days per week. During late autumn and winter months, Plaintiff Perez typically worked no less than eight (8) hours per day four (4) to five (5) days per week. Plaintiff Perez was paid via check a flat rate up to $12.50 per hour, regardless of the hours he worked each day for the Defendants.

32. Plaintiff Isahac Serna Martinez ("Martinez") worked as an employee of the Defendants from approximately 1996 until approximately 2013. Plaintiff Martinez performed a variety of commercial nursery-related tasks for the Defendants at Defendants' greenhouse and nursery.

33. During the spring, summer, and early autumn months, Plaintiff Martinez typically worked in excess of ten (10) hours per day, six (6) days per week. During late autumn and winter months, Plaintiff Martinez typically worked no less than eight (8) hours per day four (4) to five (5) days per week. Plaintiff Martinez was paid via check a flat rate up to $11.50 per hour, regardless of the hours he worked each day for the Defendants.

34. Upon information and belief, while working for the Defendants, the Named Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first

forty (40) hours in any given week.

35.  Upon information and belief, and at all times relevant to this action, Defendant Roy Den Hollander was an officer, president, owner and/or shareholder of Garden State Growers, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for Garden State Growers; (iii) determined the rate and method of payment for Garden State Growers's employees; and (iv) maintained employment records for Garden State Growers.

36.  Upon information and belief, Defendant Roy Den Hollander dominated the day-to-day operating decisions of Garden State Growers, made major personnel decisions for Garden State Growers, and had complete control of the alleged activities of Garden State Growers which give rise to the claims brought herein.

37.  Upon information and belief, Defendant Roy Den Hollander was a supervisor, officer and/or agent of Defendant Garden State Growers, who acted directly or indirectly in the interest of Garden State Growers, and is an employer within the meaning of the Fair Labor Standards Act.  Roy Den Hollander, in his capacity as owner, finance executive, and sales executive, actively participated in the unlawful method of payment for Garden State Growers' employees.  The Named Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant Roy Den Hollander.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS
### FLSA OVERTIME COMPENSATION

38.  Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 hereof.

39.  Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or

in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

40. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

41. The Named Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

42. Defendants Garden State Growers and Roy Den Hollander are "employers", within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

43. Upon information and belief, Defendants failed to pay the Named Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

44. The failure of Defendants to pay the Named Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

WHEREFORE, the Named Plaintiffs and the putative class demand judgment for:

    (a) damages;

    (b) attorneys fees;

    (c) costs of suit.

### SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### FOR NEW JERSEY OVERTIME COMPENSATION

45. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 44 hereof.

46. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiffs and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

WHEREFORE, the Named Plaintiffs and the putative class demand judgment for:

(d) damages;

(e) attorneys fees;

(f) costs of suit.



WHEREFORE, Plaintiffs demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) any other and further relief the Court may deem appropriate.

-10-

Dated: New York, New York
       October 1, 2013

                      VIRGINIA & AMBINDER, LLP

                      By:_____
                      Lloyd Ambinder, Esq.
                      Jack Newhouse, Esq.
                      *Attorneys for the Named Plaintiffs and the Putative Class*
                      Trinity Centre
                      111 Broadway, 14th Floor
                      New York, New York 10006
                      (212) 943-9080