IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

Robert P. Merenich, Esquire (024621993)
GEMMEL, TODD & MERENICH, P.A.
767 Shore Road
P. O. Box 296
Linwood, NJ 08221
Phone: (609) 927-7200
Fax: (609) 927-3278
E-Mail: bobmerenich@comcast.net
**Attorneys for Defendant, Garden State Growers and Roy den Hollander**

| | |
|---|---|
| ARMANDO PEREZ and ISAHAC SERNA MARTINEZ, individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,, and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, <br><br> Plaintiffs, <br><br> vs. <br><br> GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, <br><br> Defendants. | Civil Action Number: <br> 3:13-cv-05853-MAS-TJB |

**BRIEF OF DEFENDANTS, GARDEN STATE GROWERS, LCC AND ROY DEN HOLLANDER,
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Return Date: November 18, 2013

On the Brief:
Robert P. Merenich, Esquire
GEMMEL, TODD & MERENICH, P.A.
Attorneys for Defendants,
Garden State Growers, LLC and
Roy den Hollander

# TABLE OF CONTENTS

PAGE NO.

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE, AS IS SET FORTH AT THEIR OWN COMPLAINT, THEY ARE AGRICULTURAL WORKERS WHO ARE EXEMPT FROM OVERTIME UNDER THE FAIR LABOR STANDARDS ACT AND NEW JERSEY'S WAGE AND HOUR LAW

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**CASES**                                       **PAGE(S)**

Adkins v. Mid-American Growers, Inc., 167 F.3d 355, (7th Cir. 1999)   3,4

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,
173 L. Ed. 2d 868 (2009) .................... 2

Brennan v. Sugar Cane Growers Coop of Fla.,
486 F.2d 1006 (5th Cir. 1973) .................... 3

Farmers Reservoir & Irrigation Co. v McComb, 337 U.S. 755,
69 S. Ct. 1274, 93 L. Ed. 1672 (1949) .................... 3

Maneja v Waialua Agr. Co, 349 U.S. 254, 75 S. Ct. 719,
99 L. Ed. 1040 (1955) .................... 3

Marshall v Gulf & W. Indus. Inc., 552 F.2d 124 (11th Cir. 1977) ..... 3

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997) ...... 2

Pacheco v. Whiting Farms, Inc., 365 F.3d 1199 (10th Cir. 2004) ...... 2

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) ........ 2

Sariol v. Florida Crystals Corporation, 490 F.3d
1277 (11th Cir. 2007) .................... 3

Township of Franklin v. den Hollander et al. 172 N.J. 147 (2002) ..... 5

Township of Monroe v. Gasko, 182 N.J. 613 (2013) ............... 5

Wirtz v. Jackson & Perkins Co., 312 F.2d 48 (2d Cir. 1963) .......... 4


**FEDERAL STATUTES AND ADMINISTRATIVE REGULATIONS**

29 C.F.R. §780.105 .................... 2,4

29 C.F.R. §780.130 .................... 3

29 C.F.R. §780.132 .................... 4

29 C.F.R. §780.205 .................... 4

29 U.S.C. §203(f) .................... 3

29 U.S.C. §213(a)(6) .................... 2

...

## STATE STATUTES AND ADMINISTRATIVE REGULATIONS

N.J.S.A. 4:1C-3 .................................... 5

N.J.S.A. 34:11-56a4 ................................ 4

N.J.S.A. 54:4-23.1 ................................. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Robert P. Merenich, Esquire (024621993)
GEMMEL, TODD & MERENICH, P.A.
767 Shore Road
P. O. Box 296
Linwood, NJ 08221
Phone: (609) 927-7200
Fax: (609) 927-3278
E-Mail: bobmerenich@comcast.net
**Attorneys for Defendant, Garden State Growers**

| | |
|---|---|
| ARMANDO PEREZ and ISAHAC SERNA MARTINEZ, individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,, and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, | Civil Action Number: 3:13-cv-05853-MAS-TJB<br><br>Hon. Michael A. Shipp<br>Hon. Tonianne J. Bongiovanni |
| Plaintiffs, | **DEFENDANTS, GARDEN STATE GROWERS, LCC AND ROY DEN HOLLANDER'S, BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED** |
| vs. | |
| GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, | |
| Defendants. | |

## STATEMENT OF FACTS

Plaintiffs are two agricultural workers of a putative class of allegedly seventy (70) or more fellow similarly situated employees who "tend[ed] to vegetation and perform[ed] a variety of commercial nursery related tasks at Defendants' commercial greenhouse and nursery." **See Plaintiffs' Complaint, at Paragraph Twenty-Six (26), attached hereto as Exhibit A.** This complaint was filed on October 1, 2013 and served on October 7, 2013. Plaintiffs allege, at Count One (1), that they were denied overtime under the Fair Labor Standards Act. **See Plaintiffs' Complaint at Paragraphs 39-43, Count One.** Plaintiffs allege, at Count Two (2), that they were denied overtime under the New Jersey Wage and Hour Law. **See Plaintiffs' Complaint at Paragraphs 4-6, Count Two.**

POINT ONE

>PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE, AS IS SET FORTH AT THEIR OWN COMPLAINT, THEY ARE AGRICULTURAL WORKERS WHO ARE EXEMPT FROM OVERTIME UNDER THE FAIR LABOR STANDARDS ACT AND NEW JERSEY'S WAGE AND HOUR LAW

While in this Motion to Dismiss context, a Court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, see Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a Court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. See Iqbal, 129 S. Ct. at 1950.

The allegation of Plaintiffs' complaint renders them agriculture workers and, therefore, relief is implausible. An employee is exempt from the FLSA's overtime provisions if he/she is "employed in agriculture." See 29 U.S.C. §213(a)(6). While exemptions to the FLSA are narrowly construe[d] "... [t]he agricultural exemption was meant to apply broadly and to embrace the whole field of agriculture". Pacheco v. Whiting Farms, Inc., 365 F.3d 1199, 1203 (10th Cir. 2004) (internal quotation marks omitted). The FLSA defines "agriculture" in two ways: (1) "primary agriculture" and (2) "secondary agriculture." 29 C.F.R. §780.105. Under the FLSA, agriculture in this context is defined by statute to include:

>farming in all of its branches and among other things includes the cultivation and tillage of the soil during the production, cultivation, growing and harvesting of any agricultural or horticultural commodities...the raising of livestock ... and any practices (including forestry or lumbering operations)

2

>performed by a farmer or on a farm as incident to or in conjunction with such farming operations, including preparations for market, delivery to storage or to market, or to carriers for transportation to market.
>
>29 U.S.C. Section 203(f)

The United States Supreme Court has construed the statutory definition of agriculture to include two categories of exempt agricultural practices. Farmers Reservoir & Irrigation Co. v McComb, 337 U.S. 755, 762-63, 69 S. Ct. 1274, 93 L. Ed. 1672 (1949). The first half of the definition covers primary agriculture, which the Court defines to include specific activities like cultivation and tillage of the soil, dairying, and harvesting. Id at 762, 69 S. Ct. 1274. The latter half of the definition is more broadly defined by the Court to include any practices, whether or not themselves farming practices, which are performed either by a farmer on a farm, incidentally to or in conjunction with 'such' farming operations. Id at 762-63, 69 S. Ct. 1274. These two categories are commonly referred to as primary agriculture and secondary agriculture. Marshall v Gulf & W. Indus. Inc., 552 F.2d 124 (11th Cir. 1977).

Workers falling into the category of the ***"secondary" agricultural*** exemption might include, for example, employees who transport workers and supplies to an employer's sugar cane fields, those who repair and service equipment necessary to the farming operations, Maneja v Waialua Agr. Co, 349 U.S. 254, 75 S. Ct. 719, 99 L. Ed. 1040 (1955), employees who fly crop dusting airplanes or cook for field workers, Brennan v. Sugar Cane Growers Coop of Fla., 486 F.2d 1006 (5th Cir. 1973), and employees who deliver fuel to farm machinery and perform maintenance and repair of the equipment. Sariol v. Florida Crystals Corporation, 490 F.3d 1277 (11th Cir. 2007). The United States Court of Appeals for the Seventh Circuit has held that work connected with the sale of flower pots by a nursery is exempt. See Adkins v. Mid-American Growers, Inc., 167 F.3d 355, 357 (7th Cir. 1999).

Garden State Growers LLC, which is a commercial nursery that grows and cultivates plants, is a "farmer" for purposes of the exemption. See 29 C.F.R. §780.130 (explaining that it is the employer's status as a farmer that matters, and that the term

3

may apply to corporations as well as individuals). Further, as employees of GSG, LLC, the plaintiffs are also farmers. See 29 C.F.R. § 780.132 ("'Farmer' includes the employees of a farmer."). Courts have applied the agricultural exemption to nurseries. See, e.g., Adkins v. MidAmerican Growers, Inc., 167 F.3d at 356-58 (discussing scope of exemption with respect to various activities at large commercial nursery); see also Wirtz v. Jackson & Perkins Co., 312 F.2d 48, 50-51 (2d Cir. 1963). According to their complaint, Plaintiffs "tend[ed] to vegetation and perform[ed] a variety of commercial nursery related tasks at Defendants' commercial greenhouse and nursery." The Department of Labor has regulations addressing employees of nurseries. If nursery employees are engaged in "[p]lanting, cultivating, watering, spraying, fertilizing, pruning, bracing, and feeding the growing crop," they are employed in agriculture. 29 C.F.R. §780.205. Moreover, under the FLSA, "secondary agriculture" consists of "any practices . . . performed by a farmer or on a farm as incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market." See 29 C.F.R. §780.105 (explaining that "secondary" agriculture has a "somewhat broader" meaning than "primary" agriculture). As described in the complaint, Plaintiffs tending to vegetation and greenhouse nursery work render them primary and secondary agricultural workers under the FLSA. Accordingly, even under the most favorable interpretation of Plaintiffs' complaint, Plaintiffs are agricultural workers exempt from overtime.

  Under New Jersey law, an employee "engaged to labor on a farm" is exempt from the Wage and Hour Law Overtime provisions. See N.J.S.A. 34:11-56a4. Unlike the fairly extensive administrative interpretation and implementation of the agricultural exemption under the FLSA, there are no New Jersey administrative regulations providing any guidance as to the agricultural exemption. However, and again, Plaintiffs' complaint states that they are workers at Defendants' commercial greenhouse and nursery. Defendants' commercial greenhouse facility is unquestionably a commercial farm. As discussed by the New Jersey Supreme Court

4

in <u>Township of Franklin v. den Hollander et al.</u>, 172 <u>N.J</u>. 147 (2002), Garden State Growers is a commercial farm as that term is defined by <u>N.J.S.A</u>. 4:1C-3 ("Commercial farm" means (1) a farm management unit of no less than five acres producing agricultural or horticultural products worth $2,500 or more annually, and satisfying the eligibility criteria for differential property taxation pursuant to the "Farmland Assessment Act of 1964," P.L.1964, c.48 (C.54:4-23.1 et seq.), or (2) a farm management unit less than five acres, producing agricultural or horticultural products worth $50,000 or more annually and otherwise satisfying the eligibility criteria for differential property taxation pursuant to the "Farmland Assessment Act of 1964," P.L.1964, c.48 (C.54:4-23.1 et seq.). Land upon which greenhouse structures are built are considered farmland. See <u>Township of Monroe v. Gasko</u>, 182 <u>N.J</u>. 613, 619-622 (2013) (the New Jersey Supreme Court, relying upon the New Jersey constitution and legislative pronouncements, favorably interpreted a New Jersey farmland assessment exemption for greenhouses structures.) As their complaint is framed, Plaintiffs are workers on a farm who are not entitled to overtime under New Jersey's Wage and Hour Law.

## CONCLUSION

For all of the foregoing reasons, we respectfully request the Court to dismiss Plaintiff's complaint with prejudice.

Date: October 22, 2013                          **GEMMEL, TODD & MERENICH, P.A.**
                                                Attorneys for Defendant Garden State Growers


                                                By: /S/ Robert P. Merenich
                                                ROBERT P. MERENICH, ESQUIRE

# EXHIBIT A

Lloyd Ambinder
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARMANDO PEREZ and ISAHAC SERNA MARTINEZ, individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER, and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,<br><br>Plaintiffs,<br><br>-against-<br><br>GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER,<br><br>Defendants. | CIVIL ACTION<br>FILE NO:<br><br>ACTION UNDER<br>29 U.S.C. § 203 et seq.<br><br>COLLECTIVE ACTION<br>COMPLAINT |

Plaintiffs ARMANDO PEREZ and ISAHAC SERNA MARTINEZ (the "Named Plaintiffs") individually and on behalf of all other persons similarly situated who were employed by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER and/or any other entities affiliated with or controlled by GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER (collectively "Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1.   This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§ 34:11-56a4 *et seq.*, to recover unpaid overtime wages owed to the Named Plaintiffs and members of the putative class for work they performed for GARDEN STATE GROWERS LLC and ROY DEN HOLLANDER (collectively the "Defendants").

2. Beginning in approximately October 2010 and continuing through the present, Defendants engaged in a policy and practice of requiring the Named Plaintiffs and members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3. Under the direction of Defendants' corporate directors, Defendants instituted this practice of depriving the Named Plaintiffs and other members of the putative class of compensation for work performed in excess of forty (40) hours per week, thereby depriving Plaintiffs of hourly compensation for all hours worked as mandated by federal and state law.

4. The Named Plaintiffs have initiated this action on behalf of themselves and members of the putative class, seeking unpaid overtime compensation, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where the Defendants reside.

## THE PARTIES

7. The Named Plaintiffs reside in the State of New Jersey and performed labor at Defendants' commercial greenhouse and nursery.

8. Upon information and belief, Defendant Garden State Growers, LLC ("Garden State Growers") is a corporation incorporated under the laws of the State of New Jersey, with its principal location at 99 Locust Grove Rd., NJ 08867.

9. Upon information and belief, Defendant Roy Den Hollander is an officer and shareholder of Garden State Growers, and is a resident of New Jersey.

10. Upon information and belief, beginning in or about September 2010, Defendants employed the Named Plaintiffs and other members of the putative class to perform a variety of commercial nursery-related tasks at Defendants' commercial greenhouse and nursery.

11. Upon information and belief, while working for the Defendants, the Named Plaintiffs and other members of the putative class were typically required to work more than forty (40) hours per week.

12. Upon information and belief, while working for the Defendants, the Named Plaintiffs and other members of the putative class did not receive overtime wages, at the rate of one and one half times the regular rate of pay, for all of the time in which they worked after the first forty (40) hours in any given week.

13. At all times relevant to this action, Defendant Roy Den Hollander was an officer, owner and/or shareholder of Defendant Garden State Growers, and dominated the day-to-day operating decisions and made major personnel decisions for Garden State Growers.

14. Upon information and belief, Defendant Roy Den Hollander was the principal executive and/or chief executive of Garden State Growers and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

15. Upon information and belief, Roy Den Hollander had complete control of the alleged activities of Defendant Garden State Growers.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

17. This action is brought by the Named Plaintiffs on behalf of themselves and a class consisting of similarly situated employees who performed work at Defendants' greenhouse other than office and executive personnel.

18. This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32 and N.J. Stat. § 34:11-56a4 *et seq.* ("Any workman shall be entitled to maintain for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated.")

19. This action is brought on behalf of the Named Plaintiffs and a putative class consisting of each and every other person who performed work at Defendants' greenhouse other than office and executive personnel.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of seventy (70) similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

22. The claims of the Named Plaintiffs are typical of the claims of the putative class.

23. The Named Plaintiffs and the putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

24. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

26. Upon information and belief, beginning in or about October 2010, the Defendants employed Named Plaintiffs and other members of the putative class to tend to the vegetation and perform a variety of commercial nursery-related tasks at Defendants' commercial greenhouse and nursery.

27. Upon information and belief, while working for the Defendants, the Named Plaintiff and the members of the putative class were regularly required to perform work for the Defendants without receiving overtime compensation as required by applicable federal and state law.

28. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Garden State Growers constitutes an "enterprise engaged in commerce."

29. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

30. Specifically, Plaintiff Armando Perez ("Perez") worked as an employee of the Defendants from approximately April 1997 until approximately August 2013. Plaintiff Perez performed a variety of commercial nursery-related tasks for the Defendants at Defendants' greenhouse and nursery.

31. During the spring, summer, and early autumn months, Plaintiff Perez typically worked in excess of ten (10) hours per day, six (6) days per week. During late autumn and winter months, Plaintiff Perez typically worked no less than eight (8) hours per day four (4) to five (5) days per week. Plaintiff Perez was paid via check a flat rate up to $12.50 per hour, regardless of the hours he worked each day for the Defendants.

32. Plaintiff Isahac Serna Martinez ("Martinez") worked as an employee of the Defendants from approximately 1996 until approximately 2013. Plaintiff Martinez performed a variety of commercial nursery-related tasks for the Defendants at Defendants' greenhouse and nursery.

33. During the spring, summer, and early autumn months, Plaintiff Martinez typically worked in excess of ten (10) hours per day, six (6) days per week. During late autumn and winter months, Plaintiff Martinez typically worked no less than eight (8) hours per day four (4) to five (5) days per week. Plaintiff Martinez was paid via check a flat rate up to $11.50 per hour, regardless of the hours he worked each day for the Defendants.

34. Upon information and belief, while working for the Defendants, the Named Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first

forty (40) hours in any given week.

35.  Upon information and belief, and at all times relevant to this action, Defendant Roy Den Hollander was an officer, president, owner and/or shareholder of Garden State Growers, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for Garden State Growers; (iii) determined the rate and method of payment for Garden State Growers's employees; and (iv) maintained employment records for Garden State Growers.

36.  Upon information and belief, Defendant Roy Den Hollander dominated the day-to-day operating decisions of Garden State Growers, made major personnel decisions for Garden State Growers, and had complete control of the alleged activities of Garden State Growers which give rise to the claims brought herein.

37.  Upon information and belief, Defendant Roy Den Hollander was a supervisor, officer and/or agent of Defendant Garden State Growers, who acted directly or indirectly in the interest of Garden State Growers, and is an employer within the meaning of the Fair Labor Standards Act. Roy Den Hollander, in his capacity as owner, finance executive, and sales executive, actively participated in the unlawful method of payment for Garden State Growers' employees. The Named Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant Roy Den Hollander.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS
### FLSA OVERTIME COMPENSATION

38.  Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 hereof.

39.  Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or

in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

40. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

41. The Named Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

42. Defendants Garden State Growers and Roy Den Hollander are "employers", within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

43. Upon information and belief, Defendants failed to pay the Named Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

44. The failure of Defendants to pay the Named Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

WHEREFORE, the Named Plaintiffs and the putative class demand judgment for:

    (a) damages;

    (b) attorneys fees;

    (c) costs of suit.

### SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### FOR NEW JERSEY OVERTIME COMPENSATION

45. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 44 hereof.

46. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiffs and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

WHEREFORE, the Named Plaintiffs and the putative class demand judgment for:

(d) damages;

(e) attorneys fees;

(f) costs of suit.

WHEREFORE, Plaintiffs demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) any other and further relief the Court may deem appropriate.

Dated: New York, New York
       October 1, 2013

                              VIRGINIA & AMBINDER, LLP

                              By:_____
                              Lloyd Ambinder, Esq.
                              Jack Newhouse, Esq.
                              *Attorneys for the Named Plaintiffs and the Putative Class*
                              Trinity Centre
                              111 Broadway, 14th Floor
                              New York, New York 10006
                              (212) 943-9080